**UNITED STATES of America and J. Kenneth Mansfield, Petitioner,**

**v.**

**John M. IANNONE, Respondent.**

**Misc. No. 78–0228.**

United States District Court,
District of Columbia,
Civil Division.

Aug. 4, 1978.

William H. Briggs, Jr., Asst. U. S. Atty., Washington, D. C., for petitioner.

James J. Bierbower, Kenneth A. Lazarus, Washington, D. C., for respondent.

## ORDER

OBERDORFER, District Judge.

Petitioner, United States of America and J. Kenneth Mansfield, Inspector General of the Department of Energy, has moved this Court to enforce a Department of Energy subpoena against the respondent, John Iannone, employed by the American Petroleum Institute, Washington, D. C.

A subpoena *ad testificandum* was issued by petitioner to respondent on July 6, 1978, in connection with an investigation by petitioner of alleged leaks of information by Department of Energy officials to respondent. The subpoena was personally served on respondent on July 6, 1978, and required him to appear at 9:30 a. m. on July 12, 1978. Respondent refused to comply with the subpoena and on July 14, 1978, this Court ordered respondent to show cause why he should not be compelled to testify as demanded.

In support of its motion to enforce the subpoena against respondent, petitioner argues that the subpoena was issued in accordance with the provisions of the Department of Energy Organization Act, 42 U.S.C. §§ 7101 *et seq.* This Act provides for an Office of Inspector General within the Department of Energy, whose responsibilities include the supervision of:

> investigative activities relating to the promotion of economy and efficiency in the administration of, or the prevention or detection of fraud or abuse in, programs and operations of the Department [of Energy] . . . . 42 U.S.C. § 7138(b)(1).

Section 208(g)(2) of the Act provides that the Inspector General is authorized:

> to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this section . . . . 42 U.S.C. § 7138(g)(2).

In addition § 645 of the Act grants the following subpoena powers to the Secretary of Energy:

> For the purpose of carrying out the provisions of this chapter, the Secretary, or his duly authorized agent or agents, shall have the same powers and authorities as the Federal Trade Commission under section 49 of Title 15 with respect to all functions vested in, or transferred or delegated to, the Secretary. or such agents by this chapter. 42 U.S.C. § 7255.

Petitioner contends that he is authorized to issue a subpoena *ad testificandum* to respondent either directly, under 42 U.S.C. § 7138(g)(2), or by delegation, under 42 U.S.C. § 7255. In support of the latter argument, petitioner produced a copy of an order by the Secretary of Energy delegating to petitioner, as Inspector General, all functions related to the issuance of subpoenas (as defined in 15 U.S.C. § 49) with respect to the "alleged unauthorized disclosure of Department of Energy information to the American Petroleum Institute and John Iannone matters incidental thereto."

In opposition, respondent argues that neither 42 U.S.C. § 7138(g)(2) nor § 7255 authorized petitioner to compel testimony in an investigation of alleged misconduct of Department of Energy employees. Respondent contends that by omitting the word "testimony" from § 7138(g)(2), Congress must have intended to limit the subpoena power of the Inspector General to obtaining documentary evidence. With respect to § 7255, respondent makes two arguments. First, that the subpoena powers granted to the Secretary of Energy under § 7255 cannot properly be delegated to the Inspector General because these powers extend only to the regulatory functions of the Department of Energy and not to the supervisory functions of the Inspector General. Second, respondent argues that § 7255, by its terms, confers no broader authority upon the Department of Energy than that enjoyed by the FTC and that the FTC's subpoena powers do not authorize the compulsion of testimony in connection with investigations of employee misconduct.

It appears to the Court that neither § 7138(g)(2) nor § 7255 explicitly provides for the compulsion of oral testimony under oath in connection with the investigation of alleged misconduct on the part of an agency employee. Section 7138(g)(2) authorizes the Inspector General to subpoena "all information," but then goes on to mention specifically only documentary evidence.* If Congress had intended to authorize the Inspector General to compel oral testimony under oath, there is simple language by which it could have unequivocally expressed its intent; as it did, for example, in the Defense Production Act of 1950. Section 705 of that Act authorizes the President ". . . by regulation, subpoena, or otherwise . . . to obtain such information . . . and take the sworn testimony of, and administer oaths and affirmations to, any person as may be necessary or appropriate . . ." 50 U.S.C.App. § 2155. The fact that Congress did not expressly include the power to

---

* Nor is there any reference to physical objects.

issue subpoenas *ad testificandum* in 42 U.S.C. § 7138(g)(2) while it has done so elsewhere weighs against reading 42 U.S.C. § 7138(g)(2) to authorize such subpoena powers for the Inspector General.

Section 645 of the Department of Energy Organization Act, does grant to the Secretary of Energy the same subpoena powers and authorities as the FTC enjoys under 15 U.S.C. § 49. Section 49 of the Federal Trade Commission Act provides that:

> For the purposes of sections 41 to 46 and 47 to 58 of this title . . . the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. 15 U.S.C. § 49.

Thus, 42 U.S.C. § 7255 authorizes the Secretary of Energy to compel oral testimony by reference to the powers of the FTC in 15 U.S.C. § 49. The FTC subpoena power in 15 U.S.C. § 49, however, is expressly limited to the regulatory functions of the FTC contained in 15 U.S.C. §§ 41–46 and §§ 47–58. While FTC regulations assert authority to issue subpoenas in connection with investigations of professional misconduct by attorneys admitted to practice before the FTC (16 CFR § 2.7(a)), the scope of this authority is limited to aiding the special adjudicatory function of the FTC and does not extend, on its face, to investigations of miscellaneous misconduct by FTC employees or persons having transactions with them. It is concluded, therefore, that 42 U.S.C. § 7255 does not on its face resolve the question of whether the Inspector General of the Department of Energy has the power to compel oral testimony in the course of an investigation falling outside the regulatory activities of that Department.

Unfortunately, the legislative history of § 7138(g)(2) and § 7255 is inconclusive on the point at issue. Also, petitioner has failed to demonstrate that other Departmental Secretaries or their delegates exercise the power claimed by the Inspector General here.

It appears to the Court that the question of the authority of either the Inspector General or the Secretary of Energy to issue subpoenas *ad testificandum* pursuant to investigations conducted outside the regulatory mandate of the Department of Energy is an important one. The power to compel oral testimony under oath may not be treated lightly. It is a power capable of oppressive use. *See Shelton v. U. S.*, 117 U.S.App.D.C. 155, 161, 327 F.2d 601, 606, n. 14 (1963), quoting *Cudahy Packing Co. of Louisiana v. Holland*, 315 U.S. 357, 363, 62 S.Ct. 651, 86 L.Ed. 895 (1942) (Stone, C. J.).

Accordingly, the Court declines to give an expansive reading to 42 U.S.C. § 7138(g)(2) and § 7255. If Congress means for the Inspector General to exercise the broad subpoena powers claimed by petitioner in the case at bar, it may do so clearly and unambiguously, as it has done in the past.

For the reasons herein stated, it is this 4th day of August 1978, hereby

ORDERED: That the petition of the United States of America and J. Kenneth Mansfield, Inspector General of the Department of Energy to enforce the subpoena *ad testificandum* against respondent, John Iannone, is DENIED.